United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT S. HUDSON,

    Petitioner,

  v.

A.P. KANE, Warden,

    Respondent.

                           /

No. C 04-02232 SI

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

On September 9, 2005, Robert Hudson moved this Court for relief from the August 22, 2005, judgment denying his petition for writ of habeas corpus. Because the Court must treat his motion as a successive petition under 28 U.S.C. § 2244, the motion is DENIED.

## DISCUSSION

Petitioner brings this motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). These rules are applicable in habeas proceedings brought under 28 U.S.C. § 2254 only to the extent that they are not inconsistent with the specific federal rules and statutory provisions governing those habeas proceedings. *See* Fed. R. Civ. Proc. Rule 81(a)(2). In *Gonzalez v. Crosby*, -- U.S. --, 125 S. Ct. 2641 (2005), the United States Supreme Court held that a Rule 60(b) motion filed in a habeas proceeding is considered a second or successive habeas petition if the motion presents a substantive claim. *See id.* at 2647-48. *Gonzalez* established that a Rule 60(b) motion that effectively "attacks the federal court's previous resolution of a claim *on the merits*," is considered a second or successive habeas application. *Id.* at 2648 (emphasis in original). Thus, a petitioner who alleges that a district court erred in denying habeas relief based on the merits of his case is asserting that "under the substantive provisions of the statutes, the petitioner is entitled to habeas relief." *Id.*

Here, petitioner seeks reconsideration of the Court's conclusion that two of his three parole board hearings were based upon adequate findings by the Board of Prison Terms ("BPT"). Petitioner asks the Court to reexamine those findings, suggesting that the Court's understanding of the findings was incorrect. In effect, petitioner asks the Court to reconsider whether petitioner's substantive due process rights were violated by the BPT's continued denials of parole. In light of *Gonzalez,* petitioner's motion for reconsideration constitutes a second or successive habeas petition.

28 U.S.C. § 2244 governs proceedings involving second or successive habeas petitions. Section 2244(b) provides that claims raised in second or successive habeas petitions shall be dismissed if the claims were presented in a prior petition brought under 28 U.S.C. § 2254. Petitioner's motion asks the Court to consider the same substantive claim filed in his June 1, 2004 habeas petition. Therefore, § 2244(b) requires that the motion be denied and dismissed as a second or successive habeas petition.[1]

## CONCLUSION

For the foregoing reasons, the motion is DENIED. [Docket #34]

**IT IS SO ORDERED.**

Dated: December 20, 2005

SUSAN ILLSTON
United States District Judge

---

[1] Petitioner may, however, appeal from this Court's judgment and has timely done so. *See* Order Denying Request for Certificate of Appealability, dated December 20, 2005.